IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Nos. 08-cr-00276-JLK-03; 16-cv-01434-JLK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

3.  HASHIM UBAY HASAN,

    Defendant/Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE (ECF NO. 180)

---

Kane, J.

This matter is before me on Defendant Hashim Ubay Hasan's 28 U.S.C. § 2255 Motion to Vacate (ECF No. 180) in which he argues that the enhancement of his sentence under the career offender provision of the U.S. Sentencing Guidelines violates *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In 2008, Mr. Hasan pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Since he had at least two prior felony convictions that classified as a "controlled substance offense" or a "crime of violence," his sentence was subject to enhancement under U.S. Sentencing Guideline § 4B1.1. The Guidelines applicable at the time of his sentencing defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). The final provision of this definition, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as

1

the residual clause and is identical to the ACCA clause the Supreme Court held to be unconstitutionally vague in *Johnson*. 135 S. Ct. at 2557. Mr. Hasan argues that his prior convictions of robbery, assault with a firearm on a person, and felony assault in California only qualify as crimes of violence under the residual clause, which he claims is void after *Johnson*.

However, the Supreme Court recently held, in *Beckles v. United States*, No. 15-8544, 2017 WL 855781, *11 (U.S. Mar. 6, 2017), that the Guidelines are not subject to due process vagueness challenges and, consequently, that the residual clause of the Guidelines definition of crime of violence is not void. Application of the career offender enhancement to Mr. Hasan's sentence was and continues to be appropriate.

Mr. Hasan's sentence is authorized by statute and does not violate his constitutional rights.[1] Accordingly, his Motion (ECF No. 180) is DENIED.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Such a showing is made only where a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). After the

---

[1]Because *Johnson* does not apply to Mr. Hasan's sentence, I also find that his Motion is untimely under 28 U.S.C. § 2255(f)(3) and his claim is procedurally defaulted. For his Motion to be timely, he must have filed it within one year of when the judgment became final or of "the date on which the right asserted was initially recognized by the Supreme Court." Mr. Hasan did not file his Motion within one year of when the judgment became final, and the right Mr. Hasan asserts has not been recognized by the Supreme Court. His Motion is, thus, untimely. Further, Mr. Hasan did not challenge classification of his prior convictions as crimes of violence at sentencing or on direct appeal. While he could show cause for why the issue was not previously raised, he cannot show actual prejudice or that a fundamental miscarriage of justice will occur if his claim is not now addressed. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Consequently, Mr. Hasan's claim based on *Johnson* is procedurally barred.

holding in *Beckles*, I find that Mr. Hasan has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is, therefore, DENIED.

DATED this 27th day of March, 2017,

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE